JAMES J. KLORAN, RESPONDENT, v. LOUIS DROGIN, APPELLANT.

Submitted December 10, 1923—Decided March 3, 1924.

A common carrier of passengers is required to exercise a high degree of care in the operation of the vehicle of transportation; and so, where the operator of a motor bus was apprised, by. a peculiar noise emanating from the machine, that there was a defect therein, and left his seat three times in the endeavor to locate the trouble, but returned to his place, apparently, unable to locate it, and shortly thereafter one of the tires blew out, raising a portion of the floor of the car and injuring the plaintiff, the question whether the defendant by his servant exercised that degree of care required by him under the circumstances, was for the jury.

On appeal from the Supreme Court.

For the respondent, *Lazarus & Brenner.*

For the appellant, *George L. Record.*

The opinion of the court was delivered by

MINTURN, J.   The plaintiff boarded a jitney bus, of the stage type, owned by the defendant, and operated by his servant, and used upon the Hudson county boulevard, as a common carrier of passengers.   It was equipped with pneumatic tires, which were placed upon wheels which revolved under the seats immediately under the floor of the vehicle. While in operation it was observed that the bus emitted a

peculiar noise emanating apparently from the location of the right rear wheel. Three times the driver left his seat to observe the conditions under which the noise was produced, but returned to his place, apparently unable to locate the trouble. Thereafter, while the bus was proceeding upon its course under those conditions, the tire in question, with a loud explosion, blew out, raising a portion of the flooring over which the plaintiff was sitting, to such a degree as to strike him and inflict injuries which present the basis for this suit. This situation was fully corroborated by witnesses at the Circuit, the defendant offering no testimony in rebuttal thereof, and the trial court refusing a motion to nonsuit and a motion to direct a verdict, allowed the case to go to the jury, who found for the plaintiff.

The legal objection now urged to the judgment is that the trial court erred in refusing to nonsuit or to direct a verdict, for the reason that the accident was of that unavoidable character which no degree of care could have obviated. We are inclined to conclude that the learned trial court was not in error in this respect. It is unnecessary to place the case in that character of tort-feasance, which falls under the rule inherent in the maxim *res ipsa loquitur,* although it might, with some degree of reason, be contended that it is within that category of torts, which at least calls upon the defendant for an explanation with the view of eliminating him from the category of an active or passive tort-feasor. *Hughes* v. *Atlantic City Rrailroad,* 85 *N. J. L.* 212; *Mackenzie* v. *Oakley,* 94 *Id.* 67; *Mannon* v. *Vesper Lodge,* 97 *Id.* 215; *Higgins* v. *Goerke-Krich Co.,* 91 *Id.* 464.

In the Mackenzie-Oakley case the plaintiff, an invitee, was injured by the skidding of an automobile due to the condition of the road after an unexpected shower of rain, and the case was held to be one for the jury, for the purpose of enabling the defendant to exculpate himself from the presumption of negligence, which arose from the unexplained and abnormal happening of the accident. In the last case mentioned, the plaintiff, an invitee in a deparment store, was examining an ice box, when the lid, which was supposed to be securely upheld, suddenly fell, injuring her hand, and the

same rule requiring an explanation upon the part of the defendant for the purposes of exculpation was there applied.

The tort-feasance in the case at bar consisted in negligence in operation, with notice of a dangerous defect which might cause damage to those entrusted to defendant's care. The defendant, being a common carrier of persons, the high degree of care required of him in the circumstances has become a proverbial rule of law, and whether he exercised that care in his conduct of the car after having received notice on at least three distinct occasions of an existing defect or an abnormal situation in one of the necessary organs of locomotion, apparently of sufficient moment to cause him to stop and look at the defective parts before proceeding further upon his route, became a jury question.

The case in this respect is not in legal principle unlike that of *Beck* v. *Director General,* 95 *N. J. L.* 158, where the captain of a ferry-boat, presumably experienced in his business, and with a possible danger of an approaching vessel at high speed in sight, took the risk of bringing his boat sufficiently close to the oncoming danger as to invite the accident, which occurred, and which occasioned the injury. This court there declared that the direction of a verdict for the defendant was erroneous, and that the question of defendant's negligence was for the jury. We there reiterated the rule that foresight for harm, in view of an existing or dangerous situation, standardized by the care likely to be exercised, in the circumstances, by the ordinary prudent man, furnished the controlling test, and we there observed that one is within the category "who observing the probability of an impending danger from adopting a certain course of action, does all that such a man could have reasonably done to avoid enmeshing himself and those entrusted to his care in the dangerous environment that confronted him, and thus creating the proximate cause or the *causa sina qua non,* which superinduced the accident."

Such is the rule applicable to the situation existing in the case *sub judice,* and the learned trial court therefore properly left the question to the jury for solution.

The judgment appealed from will be affirmed.

*For affirmance*—The Chancellor, Chief Justice, Trenchard, Minturn, Kalisch, Black, Katzenbach, Heppenheimer, Gardner, Van Buskirk, Clark, JJ.   11.

*For reversal*—None.